TRAVIS A. WILLIAMS,

        Plaintiff,

    v.                               Case No. 21-cv-240-pp

JOHN BIRDYSHAW,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO
APPOINT COUNSEL (DKT. NO. 31)**

Plaintiff Travis A. Williams, who is representing himself, is proceeding on an Eighth Amendment claim against a correctional officer at Waupun Correctional Institution. On July 5, 2023, the court received an unsigned motion from the plaintiff asking the court to recruit counsel to represent him. Dkt. No. 31. The plaintiff says he has limited legal knowledge and has never litigated a civil suit. Id. He says he had seven of eight defendants dismissed from this suit "d[ue] to [his] lack of knowle[d]ge." Id. He asks that the court grant his motion "so that does not happen[] in this matter as well." Id.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but

there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)).

To satisfy the first criteria, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

The plaintiff has not satisfied this first, threshold inquiry. He does not say that he contacted any attorneys or firms about representing him, nor did he attach exhibits of letters that he sent to attorneys or their responses declining to take his case. The plaintiff has not satisfied this first inquiry, so the court will not grant his motion to recruit counsel.

The court will deny the plaintiff's motion without prejudice. That means he may again ask the court to recruit him an attorney if he can satisfy both

criteria for court-appointed counsel. As the court just discussed, the plaintiff first must attempt to obtain an attorney on his own by reaching out to attorneys or firms about his case. If those efforts are not successful, he must satisfy the second inquiry, which involves explaining "the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering this second inquiry, the court will "examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court must decide "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit [his] ability to litigate the case." Id. at 491.

If the plaintiff is unable to obtain an attorney on his own, and if he decides to renew his motion asking the court to recruit one for him, he must satisfy this additional inquiry. He must explain why he is one of those *pro se* litigants most in need of an attorney to litigate his case. The plaintiff will be required to show that the difficulties of the case outweigh his abilities to litigate it effectively on his own. He must show more than a lack of legal knowledge or

experience, that his case is complex or contains difficult issues or that he has limited resources available to him in prison. Those factors are present in nearly every *pro se* case filed by incarcerated persons. The plaintiff also should be prepared to explain how his case would be an effective and appropriate use of the limited volunteer lawyers available. That is because "even where a litigant's claim is nonfrivolous and factually and legally plausible such that it survives § 1915(e)(2) screening, the recruitment of counsel is unwarranted if the plaintiff's 'chances of success are extremely slim.'" Watts v. Kidman, 42 F.4th 755, 766 (7th Cir. 2022) (citing Cole v. Janssen Pharms., Inc., 265 F. Supp. 3d 892, 898 (E.D. Wis. 2017)). Because the plaintiff has not satisfied any of these criteria, the court will deny his motion.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 28th day of July, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**